UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ENRIQUE ZAMARRIPA,

    Plaintiff,

v.

LOUIS FARRAKHAN, *et al.*,

    Defendants.

C.A. No. 3:16-CV-03109-N

**REPLY OF DEFENDANT GEORGE SOROS IN FURTHER SUPPORT OF MOTION TO DISMISS**

The sympathy one feels for the Plaintiff in this case does not change the fact that his counsel has attempted to stretch the law beyond all recognizable limits. Plaintiff's counsel, armed with only conclusory allegations and bald conjecture, attempts to shift liability for the death of Patrick Zamarripa from his admitted murderer – Micah Johnson – to a disparate collection of organizations and individuals, including Mr. Soros. Plaintiff's Opposition ("Opposition" or "Opp.") points to no alleged wrongful conduct by Mr. Soros personally, and instead relies upon nebulous allegations of a conspiracy among Mr. Soros and the other Defendants to incite a vaguely-defined "War on Police" that somehow resulted in Patrick Zamarripa's death. Plaintiff, however, has not attempted to plead the required elements of a conspiracy – indeed, the Complaint does not even allege that Mr. Soros has ever spoken to any of the Defendants – and the Opposition explicitly acknowledges that fact, stating "[t]he conspiracy set forth by Plaintiff is meant to illustrated [sic] the clear connection between each and every Defendant, and not as a cause of action." But simply adding the word "conspiracy" to the Complaint does not relieve Plaintiff of his obligation to plead facts that lead to a plausible

inference that Mr. Soros can be held liable for Mr. Zamarripa's death. If Plaintiff's flawed conspiracy allegations are ignored, as they must be, what remains? Only the innocuous allegation that Mr. Soros donated money to causes related to Black Lives Matter and, as the Opposition concedes, "[c]learly, the mere act of donating money is not wrongful."

The Complaint should be dismissed. First, Plaintiff does not have standing because he has not alleged facts sufficient to show that Mr. Soros caused Plaintiff's alleged injuries. Second, there is no allegation in the Complaint that Mr. Soros personally engaged in any wrongful conduct that would support claims for wrongful death or intentional infliction of emotional distress. Finally, Plaintiff has failed to meet his burden of demonstrating this Court's personal jurisdiction over Mr. Soros because, in the absence of pleading any contacts Mr. Soros has with Texas, Plaintiff relies entirely on "conspiracy jurisdiction" – a theory that has been soundly rejected by the Fifth Circuit.

## I. Plaintiff's Vague And Conclusory Allegations Of A Conspiracy Do Not Confer Standing or Create Well-Pled Claims For Wrongful Death or IIED.

Plaintiff's Complaint alleges that Mr. Soros funded numerous supposedly "radical, left wing groups," including Black Lives Matter (Complaint ¶¶ 150, 151, 153), and that Mr. Soros paid individuals to protest. (*Id.* ¶ 154.) Those allegations are not sufficient, on their own, to satisfy the causation element of the standing doctrine, nor to state a claim for wrongful death or intentional infliction of emotional distress ("IIED"). (Mot. at 8-12, 16-18.)[1]

In response, Plaintiff's Opposition repeatedly asserts that Mr. Soros participated in a purported conspiracy and that he can be held liable on that basis for the conduct of his alleged

---

[1] The Opposition states that Mr. Soros "does not dispute that he is a significant, if not the primary source of funding for BLM and the other Defendants, and therefore Defendants' conspiracy, nor could he." (Opp. at 3.) Plaintiff misstates the standard on a motion to dismiss: "The 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). In any event, the Motion states that the news articles cited by Plaintiff in the Amended Complaint allege that the donations came from the Open Society Foundations, rather than Mr. Soros. (Mot. at 5, n.1.)

co-conspirators. (*See, e.g.* Opp. at 1-2, 7-8, 10-11 and 12) ("Clearly, the mere act of donating money is not wrongful, but that is not what Plaintiff has alleged. What Defendant Soros cannot do – and what Plaintiff has alleged – is to participate and finance a conspiracy that orchestrated the Dallas Police Shooting that resulted in the death of Plaintiff's son."). Plaintiff can only point to a single allegation in the Complaint that he contends supports an inference of a conspiracy involving Mr. Soros: "Patrick Zamarripa was one of five officers who were murdered by Johnson during the Dallas tragedy, which was carried out by Johnson in furtherance of, and under direction from, Defendants…and financed by Defendant George Soros." (Opp. at 7-8, 10, 11, 12.) That lone allegation is wholly conclusory and not entitled to the presumption of truth when deciding a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Ragnell v. Town of Addison*, No. CIV.A.3:03-CV-0379-K, 2004 WL 345491, at *4 (N.D. Tex. Feb. 24, 2004) ("Although Plaintiff states the elements of conspiracy in a conclusory fashion, his pleading is insufficient to plead a civil conspiracy cause of action.").

Simply using the word "conspiracy" does not cure the Complaint's failure to plead facts sufficient to confer standing or to adequately state a claim. As discussed in the Motion, pleading a conspiracy requires that Plaintiff plead specific facts sufficient to establish: (1) two or more participants in the conspiracy; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996); (Mot. at 13-14).

Plaintiff has failed to plead any unlawful act by Mr. Soros – or any Defendant – in furtherance of the purported conspiracy. As the Fifth Circuit has stated, "plaintiff must show that the defendant committed an act that, if done alone, would give rise to a cause of action."

*Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 553 (5th Cir. 2012).  As to Mr. Soros, Plaintiff has only pled that Mr. Soros donated money to various causes, and as to other Defendants, the only non-conclusory allegations in the Complaint are that those other Defendants made various statements that Plaintiff finds offensive.  *Chambers v. King Buick GMC, LLC*, 43 F.Supp.3d 575, 613 (D. Md. 2014) ("Aside from conclusory allegations of a conspiracy among the Defendants, the allegations in the amended complaint do not explain how the Other Dealer Defendants were involved in the scheme[.]").  None of those allegations constitutes an unlawful act.

The Complaint also fails to plead an "object to be accomplished" by the alleged conspiracy.  Plaintiff appears to allege that the object is a purported "War on Police," but that allegation is similarly vague and conclusory and lacks the requisite specificity.  *Moorman v. Jowers*, 313 F. App'x 733, 735 (5th Cir. 2009) ("[Plaintiff] merely recites his vague and conclusory allegations of retaliation and conspiracy…Accordingly, [plaintiff] has not demonstrated that the district court erred in holding that these claims did not allege grounds upon which relief could be granted.").  The Complaint also does not attempt to allege facts showing a meeting of the minds between Mr. Soros and any of the other Defendants.  There are no allegations that Mr. Soros has ever met or even spoken to any other Defendant, much less any allegations as to a specific meeting of the minds between Mr. Soros and any other Defendant.  Plaintiff's Opposition unsurprisingly offers no response; there are simply no well-pled allegations in the Complaint of the existence of, or Mr. Soros' participation in, a conspiracy.  Plaintiff's attempt to satisfy standing and state a claim either for wrongful death or IIED based on a purported "conspiracy" accordingly should be rejected.  *See, e.g. Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp.2d 785, 794 (N.D. Tex. 2009) (dismissing civil conspiracy claim because

"it fail[ed] to specify who was involved, precisely what the interaction was or what actions were decided upon, or when any meeting of the minds occurred between those parties.").

In response to the argument that Plaintiff has failed to plead adequately the elements of a conspiracy, Plaintiff bizarrely argues that he "has not brought a claim for civil conspiracy, so discussing as to applicable case law thereto is irrelevant" and "[t]he conspiracy set forth by Plaintiff is meant to illustrated [sic] the clear connection between each and every Defendant." (Opp. at 11.)  Plaintiff appears to suggest that by labelling a scheme a "conspiracy" without actually pleading the elements of a civil conspiracy, he is relieved of the obligation to plead facts that support holding Mr. Soros liable for the conduct of other parties.  Plaintiff cannot so easily circumvent his obligation to plead a plausible conspiracy claim.  Far from being the "red herring" that Plaintiff contends (Opp. at 10), Plaintiff's failure to adequately plead a conspiracy requires dismissal on standing grounds, as well as for failure to plead adequate conduct involving Mr. Soros to support a claim for wrongful death or IIED.

## II. Absent His Conclusory Conspiracy Allegations, Plaintiff Cites No Facts Demonstrating He Has Standing.

If Plaintiff's conclusory allegations of a conspiracy are ignored, as they must be, it is clear that Plaintiff does not have standing because he fails to "provide factual allegations capable of showing that the death of Patrick Zamarripa, and Plaintiff's alleged injuries resulting therefrom, are fairly traceable to Mr. Soros' alleged conduct."  (Mot. at 9.)  Plaintiff's Opposition – which offers no basis for causation other than the flawed conspiracy allegations – implicitly concedes this fact.  As the Complaint acknowledges, Patrick Zamarripa was murdered by Micah Johnson (Complaint at ¶ 1), an independent third-party with no ties to Mr. Soros.

The Complaint offers no non-conclusory allegations tying Micah Johnson to Black Lives Matter, nor are there any non-conclusory allegations tying Mr. Soros' alleged donations to Black

Lives Matter to the murder of Mr. Zamarripa. Even assuming, *arguendo*, the truth of Plaintiff's factual allegations, the alleged donations by Mr. Soros are (at least) two steps removed from the murder of Patrick Zamarripa, and Plaintiff's Complaint attempts to connect those dots with nothing more than bald conjecture and unsupported conclusions. That is not sufficient to plead causation. *Peters v. St. Joseph Servs. Corp.*, 74 F. Supp.3d 847, 857 (S.D. Tex. 2015) (dismissing claim for lack of standing where "the allegation is conclusory and fails to account for the sufficient break in causation caused by…third parties.").

Plaintiff argues that the allegations in the Complaint are more akin to those in *Mastafa v. Australian Wheat Bd. Ltd.*, No. 07-cv-7955(GEL), 2008 WL 4378443 (S.D.N.Y. Sept. 25, 2008), than they are to a case cited in the Motion, *Abecassis v. Wyatt*, 704 F. Supp.2d 623 (S.D. Tex. 2010) (Mot. at 9-10). Plaintiff is wrong. The differences between *Mastafa* and this case are numerous. The plaintiffs in *Mastafa* alleged a *direct* relationship between the defendant and the principal tortfeasors where the defendant made payments to Saddam Hussein's government and those funds were used by Hussein's operatives to carry out torture, murder, and other human rights abuses that injured plaintiffs. There were also allegations in *Mastafa* that the defendant knew that the payments were illegal and were to be used for the purpose of human rights abuses. Here, Plaintiff makes no allegations of any direct relationship between Mr. Soros and Micah Johnson. In fact, there are no allegations even indirectly connecting Mr. Soros' alleged donations to the Dallas Police Shooting. Plaintiff alleges only that Mr. Soros donated money to Black Lives Matter and related organizations; there are no allegations that Black Lives Matter or any other Defendant actually provided funding to the tortfeasor, Micah Johnson. As the attenuated connection in *Wyatt* – where the plaintiffs alleged that the defendants bought oil from an Iraqi company which then passed on the sale proceeds to the Hussein regime, and those

proceeds were allegedly then used by Hussein to compensate the families of suicide bombers who had injured plaintiffs – was too speculative to confer standing, Plaintiff's allegations here, which provide <u>no</u> link between any donations by Mr. Soros and Micah Johnson's actions are clearly insufficient.  The alleged donations "could have had multiple uses…other than funding the attack[] on plaintiff[]."  *Wyatt*, 704 F. Supp.2d at 644.

### III.     Plaintiff Fails To State Claims For Wrongful Death And IIED.

Aside from the flawed allegations of conspiracy, Plaintiff's Opposition points to no allegations in the Complaint that support a claim against Mr. Soros for wrongful death.  Plaintiff does not contest that none of the Complaint's allegations as to Mr. Soros could even remotely be considered a "wrongful act." (Mot. at 11-12.)  Plaintiff acknowledges that "[c]learly, the mere act of donating money is not wrongful." (Opp. at 11.)  Plaintiff's Opposition similarly fails to point to any act taken by Mr. Soros that caused the decedent's death, given that the Complaint explicitly recognizes at its outset that Patrick Zamarripa "was murdered by Micah Johnson." (Complaint ¶ 1.)  Plaintiff must plead facts to show "that the defendant's wrongful actions more likely than not caused the decedent's death."  *Slade v. City of Marshall, Tex.*, 814 F.3d 263, 264-265 (5th Cir. 2016).  The Complaint fails to satisfy this burden.

Plaintiff's claim for IIED similarly fails.  The first two elements of the IIED claim – that the defendant acted intentionally or recklessly and that the defendant's conduct was "extreme or outrageous" – rely solely on Plaintiff's allegations of a purported conspiracy (Opp. at 11) which, as discussed above, are inadequate.[2]  As to the third and fourth elements of an IIED claim – that the defendant caused plaintiff emotional distress and that the emotional distress suffered was

---

[2]     Plaintiff misleadingly states that the Complaint adequately pleads extreme and outrageous conduct "given the fact that Texas Court [sic] has held that a [sic] merely a single instance <u>threatening</u> death constitutes such behavior."  (Opp. at 12) (citing *Household Credit Servs., Inc. v. Driscol*, 989 S.W.2d 72, 82 (Tex. App. 1998)).  That was not the court's holding in *Driscol*.  The Court merely stated, in *dicta*, that allegations of a death threat *might* be sufficient to plead extreme and outrageous conduct, but it was unnecessary to decide that issue because the defendant had a long history of extreme and outrageous acts toward the plaintiff.

severe – Plaintiff argues in conclusory fashion that he "has clearly pled that he has suffered 'severe emotional distress,' Comp. ¶ 168, as a result of the death of his son." (Opp. at 13.) However, the Complaint's allegations lack the requisite specificity and severity required to state a claim for IIED. *Davis v. City of Garland*, No. 3:10-CV-2222-L, 2011 WL 1466163, at *7 (N.D. Tex. Apr. 15, 2011) (dismissing a claim for IIED for merely "recit[ing] in formulaic and conclusory fashion the elements of the claims."). For example, in *Patton v. UPS, Inc.*, 910 F.Supp. 1250, 1271-72 (S.D. Tex. 1995), the Court found allegations of emotional distress resulting in headaches, insomnia, nausea, and physical exhaustion were insufficient to state a claim for IIED. (Mot. at 18.) Plaintiff's Opposition offers no response.

In addition, Plaintiff's Opposition fails to address Mr. Soros' argument that IIED is a "gap filler" tort, and "cannot be maintained if it is aimed at addressing the same type of wrong that a statutory remedy was designed to cover." (Mot. at 15) (citing *Bookman v. AIDS Arms, Inc.*, No. 3:14-CV-814-B, 2014 WL 4968189, at *5 (N.D. Tex. Oct. 3, 2014). Plaintiff's IIED claim is duplicative of the wrongful death claim and there are *no* factual allegations that are separate and distinct as to the IIED claim, which requires dismissal. (Mot. at 15-16, citing cases dismissing claims for IIED that are duplicative of statutory claims.)

### IV. Plaintiff Is Not Entitled To Discovery.

Plaintiff argues that "it is entirely too early to even consider Defendant Soros' motion to dismiss…Plaintiffs [sic] require discovery to confirm the extent of Defendant Soros' involvement [in the alleged conspiracy]." (Opp. at 4.) That argument, however, "'puts the cart before the horse.' In our system of jurisprudence, litigants do not file lawsuits hoping discovery will reveal the factual bases for a claim." *Williams v. Glob. Payments Check Servs., Inc.*, No. 3:10-CV-0698-L, 2011 WL 6262528, at *6 (N.D. Tex. Dec. 14, 2011). Instead, the "bases for establishing claims should be determined well before the suit is filed." *Id*. As the Supreme

Court has stated, "it is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery in cases with no 'reasonably founded hope that the [discovery] process will reveal relevant evidence'" to support a claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).  Plaintiff bears the burden of pleading a claim upon which relief can be granted.  He has not met that burden.

## V.     The Court Lacks Personal Jurisdiction Over Mr. Soros.

Plaintiff argues that this Court has specific personal jurisdiction over Mr. Soros because "the Dallas Police Shooting constitutes a focal point of the controversy giving rise to Plaintiff's Complaint" and "because the Dallas Police Shooting was committed in furtherance of BLM and Defendant Soros' manufactured war on law enforcement officers."[3]  (Opp. at 10.)  As discussed above, there is of course no allegation that Mr. Soros was personally involved in that shooting; thus, the only arguable basis to assert jurisdiction on these alleged facts is if Mr. Soros can be held responsible for the conduct of so-called co-conspirators who Plaintiff alleges, without supporting factual allegations, were responsible for the shooting.  However, this "conspiracy theory of jurisdiction" has been flatly rejected by the Fifth Circuit, which has consistently held that jurisdiction based solely on conspiracy allegations is insufficient to establish specific personal jurisdiction over an out-of-state individual.  *See, e.g. Delta Brands Inc. v. Danieli Corp.*, 99 F. App'x 1, 5 (5th Cir. 2004) ("To establish its prima facie case of specific jurisdiction, [plaintiff] was required to demonstrate that [defendant] individually, and not as part of the conspiracy, had minimum contacts with Texas.").  Plaintiff's sole argument is that the entire group of undifferentiated "Defendants" are part of a "conspiracy" that somehow caused the Dallas Police Shooting.  That is insufficient to meet Plaintiff's burden. *Globeranger Corp. v. Software AG*, No. 3-11-CV-0403-B, 2013 WL 1499357 at *3 (N.D. Tex. Apr. 12, 2013) ("Even

---

[3]     Plaintiff does not dispute that Mr. Soros is not subject to general jurisdiction in Texas.  (Mot. at 24-25.)

with allegations of a conspiracy, the Court must still evaluate each of the Defendants' contacts separately to determine whether personal jurisdiction exists.").

## CONCLUSION

For the foregoing reasons and those stated in the Motion, Mr. Soros respectfully requests that this Court dismiss all of Plaintiff's claims against him with prejudice pursuant to Rules 12(b)(1) and 12(b)(6), and for any further relief, at law or in equity, to which he is justly entitled.

Dated: February 13, 2017

WILLKIE FARR & GALLAGHER LLP
Joseph T. Baio (admitted *pro hac vice*)
Benjamin P. McCallen (admitted *pro hac vice*)
Andrew Hanrahan (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Tel:  (212) 728-8000
Fax:  (212) 728-8111
jbaio@willkie.com
bmccallen@willkie.com
ahanrahan@willkie.com

*/s/ Michael K. Hurst*

LYNN PINKER COX & HURST LLP
Michael K. Hurst
   State Bar No. 10316310
Jonathan R. Childers
   State Bar No. 24050411
Chisara Ezie-Boncoeur
   New York State Bar No. 5333224
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Tel:  (214) 981-3800
Fax:  (214) 981-3839
mhurst@lynnllp.com
jchilders@lynnllp.com
cezie-boncoeur@lynnllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2017, the foregoing document was served upon all counsel of record via ECF and e-mail.

*/s/ Jonathan R. Childers*
Jonathan R. Childers

4823-6771-7699, v.  1

**REPLY OF DEFENDANT GEORGE SOROS IN**
**FURTHER SUPPORT OF MOTION TO DISMISS** - 10 -