IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENRIQUE ZAMARRIPA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:16-CV-3109-N |
| | § | |
| LOUIS FARRAKHAN, *et al.* | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This Order addresses Defendants National Action Network ("NAN") and Al Sharpton's motion to dismiss [4]; Defendants NAN and Sharpton's motion to consolidate cases [10]; Defendant Malik Zulu Shabazz's motion for leave to file a responsive pleading [29];[1] Defendant George Soros's motion to dismiss [30]; Defendant Rashad Turner's motion to dismiss [40]; and Defendant Rashad Turner's motion to strike [51]. The Court denies the motion to consolidate cases, grants the motions to dismiss, and denies the motion to strike.

## I. Origins of the Dispute

These motions arise out of a lawsuit filed by Enrique Zamarripa in the wake of the July 7, 2016 shooting death of five police officers in Dallas, Texas by gunman Micah Johnson ("Dallas Police Shooting"). Zamarripa's son, Patrick Zamarripa, died in the

[1]The Court grants Shabazz's motion for leave. Because Zamarripa has responded to the substance of Shabazz's motion to dismiss, the Court also addresses Shabazz's motion to dismiss [29-1].

shooting. Essentially, Zamarripa claims that Defendants[2] are acting in concert to "incit[e] the imminent serious bodily injury and killing of police officers and other law enforcement persons of all races and ethnicities, Jews, and Caucasians by convincing their supporters and others that there is a civil war between blacks and law enforcement." Pl.'s Compl. ¶ 8 [1]. Zamarippa claims that Defendants have spread the "fiction" that police officers are "intentionally and systematically targeting and hunting blacks and other minorities" to kill them (*Id.* ¶ 9); that Defendants have spread the "fiction" that "blacks and other minorities are being arrested and prosecuted disproportionately" to the crimes actually committed (*Id.* ¶ 11); that Defendants have incited a "race war" (*Id.* ¶ 12); that Defendants have caused an increase in violence in more than 30 major U.S. cities (*Id.*); that Defendants have sent the signal that "it is acceptable to kill white people, especially white officers" (*Id.* ¶ 22); and that the inevitable result of this was the Dallas Police Shooting. Thus, Zamarripa claims Johnson carried out the Dallas Police Shooting in furtherance of the alleged conspiracy of the Defendants.

Zamarripa brings claims for wrongful death and intentional infliction of emotional distress ("IIED"). Defendants NAN, Sharpton, Shabazz, Soros, and Turner all filed motions to dismiss Zamarripa's claims against them. Defendants NAN and Sharpton filed a motion

---

[2]The defendants in this case are Louis Farrakhan, Nation of Islam, Al Sharpton, National Action Network, Black Lives Matter, Rashad Turner, Opal Tometi, Patrisse Cullors, Alicia Garza, Deray McKesson, Johnetta Elzie, New Black Panthers Party ("NBPP"), Malik Zulu Shabazz, and George Soros (collectively, "Defendants"). To date, Farrakhan, Nation of Islam, Black Lives Matter, Tometti, Cullors, Garza, McKesson, Elzie, and NBPP have not appeared in the case.

to consolidate this case with a case then pending before Judge Sam A. Lindsay of the Northern District of Texas, 3:16-cv-02010-L (*Klayman*).

## II. THE COURT DENIES THE MOTION TO CONSOLIDATE

Defendants NAN and Sharpton move the Court to transfer this case to Judge Lindsay's court for consolidation with *Klayman*. As an initial matter, the Court notes that Judge Lindsay has declined a similar motion to consolidate in *Klayman* on grounds that the individual plaintiffs differ, the claims asserted are different (with the exception of a claim for IIED), and that consolidation would require the filing of an amended consolidated complaint, which would delay resolution of the motions and the case as a whole. The Court agrees. Additionally, Judge Lindsay issued a Memorandum Opinion and Order and a Final Judgment on June 2, 2017, dismissing all of the plaintiffs' claims without prejudice. *Klayman* has since been administratively closed. Defendants Soros and Turner withdrew their respective motions to transfer this case to Judge Lindsay's court and to consolidate this case with the *Klayman* case on grounds that the relief sought is now moot. The Court finds that the pending motion to consolidate is similarly moot. Accordingly, the Court denies the motion to consolidate.

## III. THE COURT GRANTS THE MOTIONS TO DISMISS

### *A. The Rule 12(b)(1) Standard*

Under the Constitution, a federal court may decide only actual "Cases" or "Controversies." U.S. CONST. art. III, § 2. A court properly dismisses a case where it lacks the constitutional power to decide it. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The justiciability doctrines of standing, mootness,

political question, and ripeness all originate in Article III's 'case' or 'controversy' language." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)) (internal quotation marks omitted).

A dismissal for lack of subject-matter jurisdiction is warranted when "'it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief.'" *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).[3] "In general, where subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161.

Standing is a component of subject-matter jurisdiction and is properly raised by a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). *See Hollis v. Lynch*, 121 F. Supp. 3d 617, 626 (N.D. Tex. 2015) ("whether a party has proper standing is a question of subject matter jurisdiction") (citing *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006)).

---

[3]Query whether the "any set of facts" standard should survive *Twombly* and *Iqbal*. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)*; Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

### *B. Zamarripa Lacks Standing to Bring this Action*

Defendants NAN, Sharpton, Shabazz, Soros, and Turner all bring their motions to dismiss under three theories – lack of standing, lack of personal jurisdiction, and failure to state a claim. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).[4] The Court first addresses whether Zamarripa has standing to bring this action. Because the Court finds that Zamarripa lacks standing to bring this action against Defendants NAN, Sharpton, Shabazz, Soros, and Turner, the Court need not address the Defendants' remaining arguments.

To meet Article III's constitutional requirements for standing, a plaintiff must establish three elements: 1) the plaintiff must have suffered an "injury in fact"; 2) there must be a causal connection between the injury and the alleged conduct; 3) it must be likely, not merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)) (internal quotations removed). Thus, a plaintiff bears the burden of demonstrating that "he has been injured, that the defendant caused the injury, and that the requested relief will redress the injury." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 659 (5th Cir. 2006). Each element is "an indispensable part of the plaintiff's case" and "must be supported in the same way as any other matter on which

---

[4]*See also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) (holding that a court can decide personal jurisdiction before subject matter jurisdiction).

the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of litigation." *Lujan*, 504 U.S. at 561.

Zamarripa alleges that Sharpton has, for many years, made statements and committed acts "to incite and inflame the public, especially minority communities" to commit violent acts against law enforcement, Jews, and Caucasians. Pl.'s Compl. ¶ 100. Specifically, Zamarripa alleges that Sharpton and NAN have called for a nationalized police force (*Id.* ¶ 101); that Sharpton has held rallies and protest marches inciting "the blacks and others to undertake attacks" against law enforcement, Jews, and Caucasians (*Id.* ¶ 102); that marchers at one of Sharpton's rallies chanted death threats to the police (*Id.* ¶ 104); that marchers at one of NAN's rallies demanded for lawmakers to enact federal laws to curb local and state police agencies use of force rules (*Id.* ¶ 106); that Sharpton insisted on keeping "the light" on various highly-publicized police shooting victims (*Id.* ¶ 107); and that such statements and actions "were intended to cause violence and/or death" to law enforcement, Jews, and Caucasians (*Id.* ¶ 110).

Zamarripa claims that Shabazz, alleged to be the chairman of the NBPP,[5] shares the "hateful and violent beliefs" of his predecessor, Khalid Abdul Muhammad, and of the NBPP more broadly. The NBPP, Zamarippa claims, "has deep and clearly-established anti-Semitic, anti-Caucasian views" and routinely calls for the murder of Jews and Caucasians. *Id.* ¶ 141. Zamarripa alleges that Shabazz has called for the killing of "every goddamn Zionist in Israel." *Id.* ¶ 146.

---

[5]Shabazz notes that he has not been chairman of the NBPP since 2013.

Zamarripa alleges that Soros, "widely known as one of the primary financial backers of the Black Lives Matter movement," has contributed money directly in furtherance of the movement's "calls to violence and death." *Id.* ¶ 151. Zamarripa also links Soros to a number of other organizations and individuals that he has allegedly donated to, and which have allegedly furthered the "violent and hateful incitements to violence perpetrated by [Soros's] co-Defendants." *Id.* ¶ 154. Zamarripa also claims that Soros is "admittedly anti-Semitic." *Id.* ¶ 155.

Zamarripa claims that Turner[6] is one of the creators of the Black Lives Matter movement. *Id.* ¶ 115. Though Zamarripa fails to describe his allegations against Turner specifically, Zamarripa claims that the Black Lives Matter movement is a "violent and revolutionary criminal gang." *Id.* ¶ 112. Zamarripa alleges that marchers at Black Lives Matter protests have chanted about killing police officers, and that Black Lives Matter has encouraged others to "kill white people and cops" to "send a message about the killing of black people in America." *Id.* ¶¶128, 134.

Zamarripa claims that the Defendants acted together "with the intent to terrorize, threaten, intimidate, and frighten" Plaintiff, law enforcement officers, Jews, and Caucasians, and "to actually commit acts of violence against them." *Id.* ¶ 158. Zamarripa alleges that, as a result, Johnson carried out the Dallas Police Shooting under the direction of the

[6]Turner moves the Court to strike Zamarripa's affidavit in support of his response to Turner's motion to dismiss. The primary purpose of Zamarripa's affidavit was to support a claim for personal jurisdiction. Because the Court, in its discretion, had no need to consider or rely on Zamarripa's affidavit, the Court denies the motion to strike as moot.

Defendants. *Id.* ¶ 160. Zamarripa thus brings claims of wrongful death and IIED against the Defendants.

Defendants NAN, Sharpton, Shabazz, Soros, and Turner all argue that Zamarripa lacks standing to bring this action because he has not met his burden to satisfy the second required element of standing – causation. "[T]here must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (quoting *Simon*, 426 U.S. at 41–42) (internal quotations removed). Zamarripa concedes that Johnson was the triggerman of the Dallas Police Shooting, and that Johnson stated that he was acting alone in the shooting.[7] However, Zamarripa argues that he has standing because his complaint alleges that Johnson acted "under direction from" the Defendants. Zamarripa's allegations are wholly conclusory and fail to reasonably trace the words and actions of NAN, Sharpton, Shabazz, Soros, and Turner to the death of Zamarripa's son. Zamarripa does not allege that any of the Defendants have actually been in contact with Johnson, nor does he otherwise "account for the sufficient break in causation caused by opportunistic third parties." *Peters v. St. Joseph Services Corp.*, 74 F. Supp. 3d 847, 857 (S. D. Tex 2015).

Indeed, the injury at hand is the result of the actions of Johnson, who is not before the court. The unforeseen intervening act of Johnson broke the alleged chain of causation.

[7] *See* Pl.'s Compl. ¶ 1 ("This is a civil action for the wrongful death of Patrick Zamarripa, the Dallas police officer who was murdered by Micah Johnson . . . ."); *see id.* ¶ 37 ("The suspect stated that he was not affiliated with any groups and he stated that he did this alone.").

Where there is an intervening cause of a plaintiff's injury, courts consider whether a defendant created an "incentive structure to which the intervening third party, who directly causes the injury, is responding." *TF-Harbor, LLC v. City of Rockwall, Tex.*, 18 F.Supp.3d 810, 820 (N.D. Tex. 2014) (quoting *Wilderness Soc. v. Griles*, 824 F.2d 4, 17 (D.C. Cir. 1987)). Here, other than conclusory statements, Zamarripa has not pled any facts to suggest that Johnson's conduct was dependent on the actions of the Defendants. As noted previously, Zamarripa in fact provides facts in his complaint to show that Johnson admitted to acting alone in the Dallas Police Shooting. Accordingly, the Court finds that Zamarripa lacks standing to bring this action against Defendants NAN, Sharpton, Shabazz, Soros, and Turner.

**CONCLUSION**

For the reasons provided above, the Court denies the motion to consolidate, grants the motions to dismiss without prejudice, and denies the motion to strike.

Signed June 20, 2017.

David C. Godbey
United States District Judge