# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENRIQUE ZAMARRIPA | § § § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-3109-S |
| LOUIS FARRAKHAN, et al. | § § § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses the Motion to Dismiss Plaintiff's Complaint filed by Defendants Louis Farrakhan ("Farrakhan") and the Nation of Islam (the "NOI") [ECF No. 67]. For the reasons set forth below, the Court grants the motion.

### I. BACKGROUND

Pursuant to Special Order 3-318, this case was transferred from the docket of Judge David C. Godbey to the docket of this Court on March 8, 2018.

Enrique Zamarripa ("Zamarripa") filed this lawsuit after the July 7, 2016, fatal shooting of five police officers in Dallas, Texas by gunman Micah Johnson ("Johnson"). Compl. ¶ 7. Zamarripa's son, Patrick Zamarripa, was one of the police officers killed in the shooting. *Id.* Zamarripa accused Farrakhan, the NOI, and 12 other defendants of conspiring to start a race war in the United States. *Id.* ¶¶ 8-12. Zamarripa further alleges that Johnson was acting as an "agent of" and "under the direction of" Farrakhan and the NOI, among others. *Id.* ¶ 1. Based on these allegations, Zamarripa brings claims for wrongful death and intentional infliction of emotional distress.

On June 20, 2017, the Court entered an order granting the motions to dismiss filed by Al Sharpton, National Action Network, Malik Zulu Shabazz, George Soros, and Rashad Turner (the "Godbey Order"). The Court found that Zamarripa lacked standing to file the lawsuit against the defendants at issue. Godbey Order 9. The next day, June 21, 2017, the Court ordered Zamarripa to submit additional information so it could determine whether Farrakhan and the NOI were served in accordance with Federal Rule of Civil Procedure 4. Zamarripa failed to respond to this order. Subsequently, Farrakhan and the NOI moved to dismiss Zamarripa's claims against them.

## II. THE RULE 12(b)(1) STANDARD

Under the Constitution, a federal court may decide only actual cases or controversies. U.S. CONST. art. III, § 2. A court properly dismisses a case where it lacks the constitutional power to decide it. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Dismissal for lack of subject matter jurisdiction is warranted when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161.

Standing is a component of subject matter jurisdiction, and it is properly raised by a motion to dismiss under Rule 12(b)(1). *See Hollis v. Lynch*, 121 F. Supp. 3d 617, 626 (N.D. Tex. 2015) (noting that "whether a party has proper standing is a question of subject matter jurisdiction" (citing *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006))). The requirement that a litigant

2

must have standing "to invoke the power of a federal court is perhaps the most important of [the case-or-controversy] doctrines." *Allen v. Wright*, 468 U.S. 737, 750 (1984).

The requirement of standing has three elements: (1) injury in fact, (2) causation, and (3) redressability. *See Bennett v. Spear*, 520 U.S. 154, 167 (1997). The injury cannot be merely "conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Causation requires that the injury "fairly can be traced to the challenged action of the defendant" rather than to "the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). And redressability requires that it is likely, "as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Simon*, 426 U.S. at 38, 43). The party invoking federal subject matter jurisdiction bears the burden of establishing each element. *Ramming*, 281 F.3d at 161.

### III. ANALYSIS

Farrakhan and the NOI bring their motion to dismiss under four theories – lack of standing, lack of personal jurisdiction, insufficient service of process, and failure to state a claim. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. Thus, the Court first addresses whether Zamarripa has standing to bring this action. Because the Court answers this query in the negative, the Court need not address Defendants' remaining arguments.

To support his standing argument, Zamarripa alleges that "Defendant Farrakhan and NOI directed his disciples, such as Micah Johnson, to kill cops just hours before the Dallas Massacre." Pl.'s Br. 9. In support of this proposition, Zamarripa points to a video in which Farrakhan allegedly

published racist endorsements of violence. *Id.* Included in the excerpts Zamarripa pulled from the video are statements that the audience should not "let this white man tell you that violence is wrong" and that "Caucasians are 'worthy to be hated.'" *Id.* (quoting Compl. ¶¶ 94-95). However, even the article cited by Zamarripa confirms that Johnson "is not known to have been a Muslim." Meira Svirsky, Dallas Shooting: Time to Hold Nation of Islam Accountable, CLARION PROJECT (July 11, 2016), https://clarionproject.org/dallas-shooting-time-hold-nation-islam-accountable/. Zamarripa concludes his standing argument by alleging that "Defendants have engaged in a pattern and practice of advocating for and inciting deadly violence against" police officers and that Defendants' "calls to violence" have resulted in injury to or death of police officers in the past.[1] Pl.'s Br. 10.

Zamarripa's allegations are insufficient to establish the second required element of standing – causation. Zamarripa concedes that Johnson perpetrated the shooting of the police officers and that Johnson said he acted alone. *See* Compl. ¶¶ 1, 37. However, Zamarripa attempts to hold Defendants liable because Johnson allegedly was one of their "disciples." Pl.'s Br. 9. Zamarripa's allegations against Farrakhan and the NOI, like his allegations against the Defendants dismissed pursuant to the Godbey Order, "are wholly conclusory and fail to reasonably trace the words and actions of [Farrakhan and the NOI] to the death of Zamarripa's son." Godbey Order 8. Zamarripa fails to explain how the injury at hand resulted from anything other than "the independent action of" Johnson, who is not before the Court. *Simon*, 426 U.S. at 42.

When there is an intervening cause of a plaintiff's injury, courts consider whether a defendant created an "incentive structure to which the intervening third party, who directly causes

---

[1] For example, Zamarripa alleges that Farrakhan's urging of violent conflict in Ferguson, Missouri led to the murder of two police officers in New York City. Pl.'s Br. 10-11.

the injury, is responding." *TF-Harbor, LLC v. City of Rockwall*, 18 F. Supp. 3d 810, 820 (N.D. Tex. 2014) (quoting *Wilderness Soc'y v. Griles*, 824 F.2d 4, 17 (D.C. Cir. 1987)). Here, other than conclusory statements, Zamarripa has not pleaded any facts to suggest that Johnson's conduct was dependent on or incentivized by Farrakhan or the NOI. Accordingly, the Court finds that Zamarripa lacks standing to bring this action against Farrakhan and the NOI. Because the Court so finds, the Court need not reach the other bases for Defendants' motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Farrakhan and the NOI's motion to dismiss.

**SO ORDERED.**

SIGNED July 6, 2018.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**